UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANKLIN DAVID GARCIA GUAMAN, | * | |
| Petitioner, | * | |
| v. | * | |
| PATRICIA HYDE, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; | * | Civil Action No. 25-cv-12879-ADB |
| TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; | * | |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and | * | |
| ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; | * | |
| Respondents. | * | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Petitioner Franklin David Garcia Guaman's petition for writ of habeas corpus, [ECF No. 1], and Respondents' abbreviated response, [ECF No. 6].

At the outset, the Court addresses Respondents' motion to dismiss "all Respondents other than Respondent Moniz from this action as they are not Petitioner's custodian." [ECF No. 6 at 1 n.1]. As Respondents note, [id.], "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official," Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The issue in Rumsfeld, as

in many cases dealing with the immediate-custodian requirement, was whether the action had been brought in the correct district. See id. at 434 ("The question whether the Southern District has jurisdiction over Padilla's habeas petition breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does the Southern District have jurisdiction over him or her?"); see also Vasquez v. Reno, 233 F.3d 688, 695 (1st Cir. 2000) (noting the "considerable remove" between habeas petitions properly naming supervisory officials as respondents and the case at hand, "in which the petitioner filed for habeas relief in a jurisdiction where neither he nor his immediate custodian was physically present").

    Where, however, a petition is brought in the district where petitioner is in custody and properly names the immediate custodian as one respondent, the case law does not categorically prohibit naming additional respondents. See Rumsfeld, 542 U.S. at 441 ("Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court . . . may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (emphasis added) (citing Ex parte Endo, 323 U.S. 283 (1944))); cf. Vasquez, 233 F.3d at 696 ("[W]e can envision that there may be extraordinary circumstances in which the Attorney General appropriately might be named as the respondent to an alien habeas petition."). Indeed, it may be necessary to name additional respondents when the remedy sought through a habeas petition involves procedural rights that cannot be effectuated by the immediate custodian. See Bourguignon v. MacDonald, 667 F. Supp. 2d 175, 180 (D. Mass. 2009) ("The concern in this case . . . is that if Secretary Napolitano were dismissed the court might be left with no party in the case capable of effectuating the necessary habeas remedy. . . . A proper remedy here would not simply require Sheriff MacDonald to unlock the door to Petitioner's cell. Rather, the court

intends to order that an IJ conduct a bond hearing, something clearly outside the Sheriff's job description but well within Secretary Napolitano's power."); cf. Vasquez, 233 F.3d at 693 (noting that "[t]he person to whom the writ is directed" is the "individual best able to produce" the remedy sought by the petition, which is usually the production of the person detained at a hearing). In this case, as discussed infra, Petitioner is entitled to a procedural remedy that Respondent Moniz alone is not capable of granting. As such, absent a showing that the dismissal of the other Respondents would not "create[] a technical barrier to the court's remedy," Bourguignon, 667 F. Supp. 2d at 180, the Court presently declines to dismiss them.

Turning to the merits of the petition, Respondents concede that "this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should the Court adhere to its legal reasoning in those prior decisions." [ECF No. 6 at 2 (citing Morales v. Plymouth County Correctional Facility, No. 25-cv-12602, ECF No. 15 (D. Mass. Sept. 30, 2025); Duarte Rocha v. Hyde, No. 25-cv-12584, ECF No. 9 (D. Mass. Oct. 2, 2025))]. In Morales and Duarte Rocha, as well as in Martins Valadares v. Hyde, No. 25-cv-12693, ECF No. 8 (D. Mass. Oct. 3, 2025), this Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is governed by 8 U.S.C. § 1226(a). On the facts before it, the Court does not find reason to deviate from its analysis in those cases.

Under the discretionary detention framework of 8 U.S.C. § 1226, Petitioner is entitled to a bond hearing. He has not received such a hearing, so his detention is unlawful. Although a bond hearing is not expressly stated in the relief sought by Petitioner, he does request "any further relief this Court deems just and proper." [ECF No. 1 at 7]. Accordingly, the petition is

**GRANTED IN PART**.  Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order.  Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).  Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

October 17, 2025                                                                                  */s/ Allison D. Burroughs*
                                                                                                              ALLISON D. BURROUGHS
                                                                                                              U.S. DISTRICT JUDGE